UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:                                                          Case No. 07-45644-WS

HOWARD G. HICKS,                                               Chapter 7
                                                               Hon. Walter Shapero
         Debtor.


_____/


## OPINION LIFTING STAY FOR LIMITED PURPOSES


On March 22, 2007, Howard G. Hicks ("Debtor") filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code. Debtor is the sole shareholder of H. G. Hicks Inc., which also

filed a chapter 7 case (07-45612) and was a franchisee of International Top Value Automotive,

L.L.C. ("ITVA"), in the operation of a car repair business on leased premises. That no asset case was

closed in July 2007. Debtor was the guarantor under the franchise agreement. Shortly before these

filings, ITVA terminated the franchise agreement and commenced a state court action for damages

as well as enforcement of certain covenants in the franchise agreement, namely: 1) a covenant not to

compete; 2) an obligation to return to ITVA certain phone numbers, etc. used in the operation of the

business; and 3) an obligation to assign or transfer the lease of the premises to ITVA. ITVA filed a

motion in this Court seeking to lift the stay for the limited purpose of permitting ITVA to ask the

state court for certain non-monetary relief in the form of an injunction enforcing the three indicated

covenants and obligations, and, possibly others. This Debtor has now received a discharge and this

is a no asset case.

Acts prohibited under 11 U.S.C. § 362 necessitating a lift of stay to pursue them, in many instances involve acts seeking to recover a prepetition "claim" against the debtor. There are differences of opinion as to whether or not breach of a covenant not to compete for instance, and the availability of equitable (and/or monetary) relief incident thereto, is a "claim" and thus whether or not it may be dischargeable. E.g. compare and contrast Kennedy v. Medicap Pharmacies, Inc., 267 F.3d 493 (6th Cir. 2001; In re Kilpatrick, 160 B.R. 560 (Bankr. E.D. Mich. 1993); Norton Bankr. L. & Prac.2d 41:1. In one case, the creditor sought relief from the discharge injunction in order to pursue injunctive and other relief against the debtor in state court. In granting the creditor limited relief from the discharge injunction to pursue injunctive and other relief against the Debtor in a state court action, the court held that "if the state court issues an injunction in favor of [the creditor] pursuant to the covenant not to compete, [it] shall not be affected by the Order of Discharge issued by this Court." However, "[a]ny monetary damages awarded to [the creditor] in state court arising from the Debtor's breach of the covenant not to compete were discharged pursuant to the . . . Order of Discharge." In re Annabel, 263 B.R. 19, 28 (Bankr. N.D. N.Y. 2001) (citing May v. Charles Booher & Assocs. (In re May), 141 B.R. 940, 945 (Bankr. S.D. Ohio 1992)).

In the May case, "[a] previous employer of the debtor sought relief from the discharge injunction . . . to proceed with a state court action against the debtor for alleged breaches of the debtor's employment contract." In re May, 141 B.R. at 943. "Cox held that if the state court determined that the debtor had breached the 'no compete' covenants, it must also further determine whether the employer's resulting injury could be adequately compensated by monetary damages." Id. (citing In re Cox, 53 B.R. 829, 832 (Bankr. M.D. Fla. 1985)). "If monetary damages were found to be adequate, 'then this monetary award would be a claim within the meaning of § 101(4)(B) [§

2

101(5)(B)] which would be discharged under § 727(b)." Id. "If, however, the state court determined that the employer was entitled to an injunction, 'then this relief would not be a 'claim'.'" Id.

If the stay is lifted Debtor is concerned about being in the position of having to deal with injunctive relief in the state court and possibly also a damage award, either in lieu of such, or in addition to such. Debtor argues that the matter of the sought injunctive relief and any damages and any dischargeability thereof are more properly a bankruptcy court matter, and that judicial economy and Debtor's interests are best served avoiding exposure to two proceedings in two different courts over what essentially is a single matter.

An initial problem with that argument is that ITVA has stated it will not be seeking any damages in state court, presumably either in lieu of, or in addition to, any injunctive relief. Even if it were seeking, or was granted such damages, the appropriate sequence of actions, would be to first have the state court determine what relief it would grant to ITVA - a matter of state court law that court is best able to handle. Thereafter a determination can be made as to the bankruptcy law consequences (if there turn out to be any) of what the state court has done, and the need to pursue them. This Court need not and should not opine, for instance on any dischargeability issues, in advance of a determination and disposition by the state court of what ITVA seeks. If thereafter there remain any issues that a party still wants decided and if the Bankruptcy Court is an appropriate venue, such issues can then and there be dealt with.

Therefore the Court has determined that it will lift the stay for the following purposes: to give the state court the opportunity to decide whether the covenants in the franchise agreement are enforceable under state law; and if so, (and presumably consistent with ITVA's assertion it is not seeking damages,) the nature and extent of any remedy that will be afforded. This Court will retain

3

the jurisdiction to deal with or consider the bankruptcy law ramifications of the state court action and

the appropriate venue for their disposition if further relief is sought in this Court.

ITVA shall present an appropriate order.

**Signed on September 27, 2007**

                                        /s/ Walter Shapero
                              **Walter Shapero**
                              **United States Bankruptcy Judge**

4